Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol # 1119238)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4983
    Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

E-FILED 04-22-2011
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>             Plaintiff,<br><br>             v.<br><br>**MUN KUK KIM**, Individually<br> and as Managing Agent of **52 Fashion, Inc.**,<br><br>             Defendant. | Case No. CV11 03007 GHK PLAx<br><br><br><br>**CONSENT JUDGMENT** |

    A.    The Secretary has filed a Complaint alleging that defendant Mun Kuk Kim, individually and as managing agent of 52 Fashion, Inc., violated provisions of Sections 15(a)(1), 15(a)(2), and 15(a)(5), 29 U.S.C. §§ 215(a)(1), 215 (a)(2), and 215(a)(5), of the Fair Labor Standards Act of 1938, as amended ("FLSA").

    B.    Defendant has appeared and (after having been advised by the Secretary of the right to retain the assistance of defense counsel) acknowledges receipt of a copy of the Secretary's Complaint.

    C.    Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D. The Secretary and defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that defendant Mun Kuk Kim, his officers, agents, servants, and employees and those persons in active concert or participation with him who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(5), in any of the following manners:

1. Defendant shall not, contrary to FLSA § 6, 29 U.S.C. § 206, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, at wage rates less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2. Defendant shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for a workweek longer than 40 hours unless the employee is paid at a rate of time and one half the employee's regular rate for all hours worked in excess of 40 hours in a workweek.

3. Defendant shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C.

§§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4. Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee has been employed in violation of FLSA §§ 6 and/or 7, 29 U.S.C. §§ 206 and/or 207.

5. Defendant shall not continue to withhold the payment of $62,528.09, the unpaid balance of $117,010.13 in minimum wage and overtime hereby found to be due under the FLSA to 69 employees for the period from October 23, 2009 through June 25, 2010, as a result of their employment by the defendant. The attached Exhibit 1 shows the name of each employee, period of employment and gross backwage amount due to each employee.

6. Pursuant to the immediately preceding paragraph, defendant shall not fail to deliver to the Secretary's authorized representatives at

U.S. Department of Labor

918 Wilshire Boulevard, Suite 960

Los Angeles, CA  90017

A.  On or before January 15, 2011, a schedule bearing the name of 52 Fashion, Inc., its address and employer identification number, and showing the name, last known home address, and social security number for each person listed in the attached Exhibit 1.

B. Defendant shall make the payments as set forth on the attached Exhibit 2 on or before each payment is due. The payments include interest calculated at 1% per year on the unpaid balance until the balance is paid in full. Each payment shall made by certified, or cashier's check or money order, shall have the name of "52 Fashion, Inc." and "BWs + Int." written on each, and must be made payable to the order of the "Wage and Hour Div., Labor." Each payment shall be delivered to the address listed above on or

before the date due as set forth in Exhibit 2.

In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendant then known to the Secretary.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion. The Secretary shall be responsible for deducting from the amounts paid to said persons the employees' share of F.I.C.A. and federal income taxes, and for remitting said deductions to the appropriate federal agencies. Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

SO ORDERED.

Dated: __4/22_____, 2011

U.S. DISTRICT COURT JUDGE

1  The defendant Mun Kuk Kim, [*Moon* written above]
2  individually and as managing agent
3  of 52 Fashion, Inc., hereby appears, waives any
4  defense herein, consents to the entry of
5  this Judgment, and waives notice by the
   Clerk of Court:

6  By: _____     7/28 2011
7      Mun Kuk Kim                          Date
        Moon

8  For the plaintiff:

9
10 M. PATRICIA SMITH
   Solicitor of Labor
11
12 LAWRENCE BREWSTER
   Regional Solicitor
13
14 DANIEL J. CHASEK
   Associate Regional Solicitor
15
16 _____     March 31, 2011
   SUSAN SELETSKY, Attorney           Date
17 Attorneys for the Plaintiff
18 U.S. Department of Labor

**JUDGMENT** (Sol #1119238)                    **Page 5 of 9**

<u>Exhibit 1</u>

| Last Name | First Name | From | To | Amount Due |
|---|---|---|---|---|
| Alvarez | Elia | 10/30/2009 | 02/12/2010 | $ 1,659.19 |
| Alvarro | Jose | 11/20/2009 | 06/25/2010 | 2,452.59 |
| Alverez | Mardoqueo | 10/30/2009 | 02/05/2010 | 1,888.77 |
| Amador | Gregorio | 01/01/2010 | 06/25/2010 | 1,674.94 |
| Antonio | Esteban | 10/30/2009 | 01/22/2010 | 1,218.25 |
| Antonio | Jose | 04/16/2010 | 06/25/2010 | 1,263.42 |
| Arias | Rosa | 02/05/2010 | 06/25/2010 | 2,534.56 |
| Arista | Sabrina | 04/30/2010 | 06/25/2010 | 833.37 |
| Averado | Allan | 11/27/2009 | 06/25/2010 | 2,329.72 |
| Cardoza | Claudia | 12/04/2009 | 06/25/2010 | 3,362.61 |
| Chavez | Pedro | 11/27/2009 | 06/25/2010 | 974.35 |
| Chigal | Jonathan | 02/19/2010 | 06/25/2010 | 322.43 |
| Chiguil | Alberto | 10/23/2009 | 06/25/2010 | 2,765.28 |
| Chocoj | Micaela | 03/05/2010 | 06/25/2010 | 1,056.42 |
| Contreras | Vicente | 12/11/2009 | 06/25/2010 | 2,129.42 |
| Covado | Renoldo | 03/12/2010 | 06/25/2010 | 1,109.30 |
| Dorantes | Alberto | 05/07/2010 | 06/25/2010 | 439.89 |
| Dorantes | Mario | 01/29/2010 | 06/25/2010 | 1,089.94 |
| Garcia | Elvia | 10/30/2009 | 06/25/2010 | 4,620.25 |
| Garcia | Nicholas | 10/30/2009 | 06/25/2010 | 3,496.64 |
| Giron | Jose L. | 10/23/2009 | 06/25/2010 | 1,805.39 |
| Gomez | Eber M. | 11/20/2009 | 06/25/2010 | 3,387.02 |
| Gomez | Nelson | 02/26/2010 | 06/25/2010 | 2,882.89 |
| Gomez | Santos | 12/11/2009 | 01/22/2010 | 524.96 |
| Gonzalez | Gregoreo | 11/13/2009 | 06/25/2010 | 3,907.80 |

| | Last Name | First Name | From | To | Amount Due |
|---|---|---|---|---|---|
| 2 | Gonzalez | Julio | 06/11/2010 | 06/25/2010 | 529.89 |
| 3 | Guevara | Martha | 01/22/2010 | 02/26/2010 | 540.63 |
| 4 | Guzman | Juan C. | 02/19/2010 | 06/25/2010 | 530.55 |
| 5 | Hernandez | Carlos | 04/02/2010 | 06/25/2010 | 595.40 |
| 6 | Hernandez | Cruz | 05/07/2010 | 06/25/2010 | 327.21 |
| 7 | Hernandez | Levi | 12/18/2009 | 01/29/2010 | 337.78 |
| 8 | Hernandez | Maria | 01/22/2010 | 06/25/2010 | 1,477.70 |
| 9 | Hernandez | Tomas | 11/06/2009 | 06/25/2010 | 1,573.33 |
| 10 | Hernandez | Yolanda | 02/19/2010 | 06/25/2010 | 2,030.80 |
| 11 | Itzep | Byron | 04/30/2010 | 06/25/2010 | 596.86 |
| 12 | Larios | Christina | 03/26/2010 | 06/25/2010 | 925.85 |
| 13 | Lezama | Eusevio | 01/08/2010 | 03/12/2010 | 1,431.14 |
| 14 | Lopez | Estuardo | 03/12/2010 | 06/25/2010 | 921.07 |
| 15 | Lopez | Rene | 02/05/2010 | 06/25/2010 | 1,046.90 |
| 16 | Martin | Maribel | 05/14/2010 | 06/25/2010 | 798.55 |
| 17 | Martinez | Lidia | 12/18/2009 | 06/25/2010 | 1,841.80 |
| 18 | Martiones | Mariano | 03/19/2010 | 06/25/2010 | 1,738.32 |
| 19 | Medina | Pablo | 12/11/2009 | 06/25/2010 | 1,280.37 |
| 20 | Miguel | Cecila | 02/12/2010 | 06/25/2010 | 2,538.46 |
| 21 | Miranda | Ranulfa | 11/06/2009 | 06/25/2010 | 3,681.90 |
| 22 | Moreno | Eduardo | 04/02/2010 | 06/25/2010 | 1,130.88 |
| 23 | Nava | Victorino | 10/23/2009 | 06/25/2010 | 2,433.43 |
| 24 | Osorio | Arturo | 10/30/2009 | 03/12/2010 | 2,137.86 |
| 25 | Perez | Martiza | 03/05/2010 | 06/25/2010 | 1,154.87 |
| 26 | Perez | Marvin | 03/26/2010 | 06/25/2010 | 629.00 |
| 27 | Perez | Samuel | 10/23/2009 | 12/25/2009 | 403.53 |

| Last Name | First Name | From | To | Amount Due |
|---|---|---|---|---|
| Perez | Sandra | 01/08/2010 | 06/25/2010 | 2,604.11 |
| Perez | Toribio | 04/02/2010 | 06/25/2010 | 666.46 |
| Ramos | Nelson | 04/23/2010 | 06/25/2010 | 2,060.62 |
| Renoj | Alfredo | 11/13/2009 | 02/12/2010 | 1,215.28 |
| Rodriquez | Lucia | 03/19/2010 | 06/25/2010 | 842.67 |
| Salgado | Angel | 12/04/2009 | 06/25/2010 | 2,658.93 |
| Sandoval | Eduardo | 04/09/2010 | 06/25/2010 | 1,782.67 |
| Sandoval | Juan | 11/27/2009 | 06/25/2010 | 1,348.11 |
| Sarat | Antonio | 10/23/2009 | 12/18/2009 | 738.80 |
| Serrano | Procorro | 12/04/2009 | 06/25/2010 | 1,618.76 |
| Simon | Maria | 11/20/2009 | 03/19/2010 | 2,410.33 |
| Siores | Nicolas | 11/27/2009 | 06/25/2010 | 3,818.45 |
| Taijiboy | Juan A. | 11/20/2009 | 06/25/2010 | 4,048.16 |
| Tiguila | Juan | 12/04/2009 | 06/25/2010 | 1,714.78 |
| Trejo | Omar | 10/23/2009 | 06/25/2010 | 2,126.29 |
| Ulin | Josefina | 11/20/2009 | 06/25/2010 | 2,790.82 |
| Velasquez | Antonio | 02/12/2010 | 03/19/2010 | 371.43 |
| Vicente | Maria | 11/06/2009 | 06/25/2010 | 1,829.98 |

Exhibit 2

Installment Schedule

| Payment # | Date Due | Principal | Interest | Total Due |
|---|---|---|---|---|
| 1 | 01/15/2011 | $ 2,952.79 | $ 52.11 | $ 3,004.90 |
| 2 | 02/15/2011 | 2,955.25 | 49.65 | 3,004.90 |
| 3 | 03/15/2011 | 2,957.72 | 47.18 | 3,004.90 |
| 4 | 04/15/2011 | 2,960.18 | 44.72 | 3,004.90 |
| 5 | 05/15/2011 | 2,962.65 | 42.25 | 3,004.90 |
| 6 | 06/15/2011 | 2,965.12 | 39.78 | 3,004.90 |
| 7 | 07/15/2011 | 2,967.59 | 37.31 | 3,004.90 |
| 8 | 08/15/2011 | 2,970.06 | 34.84 | 3,004.90 |
| 9 | 09/15/2011 | 2,972.54 | 32.36 | 3,004.90 |
| 10 | 10/15/2011 | 2,975.01 | 29.89 | 3,004.90 |
| 11 | 11/15/2011 | 2,977.49 | 27.41 | 3,004.90 |
| 12 | 12/15/2011 | 2,979.97 | 24.93 | 3,004.90 |
| 13 | 01/15/2012 | 2,982.46 | 22.44 | 3,004.90 |
| 14 | 02/15/2012 | 2,984.94 | 19.96 | 3,004.90 |
| 15 | 03/15/2012 | 2,987.43 | 17.47 | 3,004.90 |
| 16 | 04/15/2012 | 2,989.92 | 14.98 | 3,004.90 |
| 17 | 05/15/2012 | 2,992.41 | 12.49 | 3,004.90 |
| 18 | 06/15/2012 | 2,994.90 | 10.00 | 3,004.90 |
| 19 | 07/15/2012 | 2,997.40 | 7.50 | 3,004.90 |
| 20 | 08/15/2012 | 2,999.90 | 5.00 | 3,004.90 |
| 21 | 09/15/2012 | 3,002.36 | 2.50 | 3,004.86 |